UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EZRA R.E. FRENCH,

               Plaintiff,

    v.                                   Case No. 18-C-282

WARDEN SCOTT ECKSTEIN, *et al.*,

               Defendants.

## SCREENING ORDER

The plaintiff, who is currently serving a state prison sentence at Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee. ECF No. 2.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $9.21. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint arises out of an incident that allegedly occurred in the yard at GBCI on December 21, 2017. He alleges that while he was working on the yard crew that day, Defendant Princl, a correctional officer, told Plaintiff and another inmate to jump into a recycling bin to smash down piles of cardboard. A third inmate allegedly reminded Princl that inmates were not permitted to be inside the recycling bin, but Plaintiff alleges that Princl nonetheless goaded them, saying an inmate on a different shift would have finished the task already. Plaintiff alleges that he and another inmate then got into the recycling bin and did as they were told. According to Plaintiff, while

2

subsequently climbing out of the recycling bin, he fell and landed on his back. He alleges that he immediately asked for medical attention and was taken to the Health Services Unit, where he received an x-ray, ibuprofen, and four days off of work.

Plaintiff alleges that on December 31, 2017, he wrote to Defendant DeGroot, the inmate complaint examiner, to ask for a copy of the incident report. DeGroot replied on January 2, 2018, saying that no incident report was written. However, Plaintiff also makes a contradictory allegation that DeGroot told him that an incident report was filled out. Plaintiff further alleges that DeGroot told him "that it's reduced to one person[']s word against another." ECF No. 1 at 3. Finally, Plaintiff concludes by alleging that he experiences constant pain and suffering and has received minimal medical attention since his fall.

## THE COURT'S ANALYSIS

The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 823, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim based on deficient medical care, a plaintiff must allege that he had an objectively serious medical condition and that the defendants were subjectively aware of and consciously disregarded that condition. *Id.* at 837. A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citations omitted). A plaintiff may sustain an Eighth Amendment

3

claim for deliberate indifference based on "a few days' delay in addressing a severely painful but readily treatable condition." *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Under this standard, Plaintiff fails to state a claim against either defendant named in the body of the complaint. With regard to Defendant Princl, Plaintiff alleges that Princl directed him to jump into the recycling bin and was present when he injured his back, but he also alleges that he "immediately asked for medical attention and was taken to H.S.U." ECF No. 1 at 2. To the extent Plaintiff's complaint is that Princl directed him to jump inside the recycling bin, even if it was against institutional rules, it was not so inherently dangerous as to give rise to an Eighth Amendment claim. Moreover, as the correctional officer apparently in charge of supervising Plaintiff, Princl was, presumably, involved in arranging for Plaintiff to receive the alleged immediate medical attention after his fall. Because Princl did not subject Plaintiff to an unreasonable risk of harm and apparently acted to the extent possible within his capabilities in the face of Plaintiff's medical needs, his conduct reflects not disregard but clear regard for Plaintiff's condition and therefore is not actionable. Turning to Defendant DeGroot, Plaintiff's only allegation is that DeGroot responded to Plaintiff's request for information in DeGroot's capacity as inmate complaint examiner. *Id.* at 3. This response occurred within two days of Plaintiff's request. These allegations fail to indicate how DeGroot's actions violated Plaintiff's rights and what injury or damage DeGroot's actions allegedly caused him.

Finally, the complaint names Warden Scott Eckstein as a defendant but makes no personal allegations against him in the body of the complaint. The doctrine of respondeat superior does not apply to claims under 42 U.S.C. § 1983, meaning an individual cannot be held liable merely because he is the supervisor of someone who engaged in unconstitutional conduct. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Here, Plaintiff fails to state a claim against Eckstein because he

fails to allege that Eckstein violated his constitutional rights individually, and Eckstein could not be held liable for any allegedly unconstitutional conduct by the other defendants. Accordingly, Plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $340.79 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this <u>19th</u> day of March, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.